IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN BUHRING                                                    PETITIONER

v.                                        Civil Action No. 1:15-cv-179-HSO-JCG

JENNIFER SAAD, *Warden of*
*FCI-Hazelton*                                                  RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of postconviction federal inmate John Buhring (Petitioner) for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent Jennifer Saad, Warden of the Federal Correctional Institution - Hazelton, in Bruceton Mills, West Virginia (FCI-Hazelton), has filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted. (ECF No. 10). Petitioner has filed a Motion/Affidavit Requesting to Transfer this Case to the United States District Court for the Northern District of West Virginia. (ECF No. 13). Petitioner challenges a detainer filed against him by the Sheriff's Department of Greene County, Mississippi, with respect to two pending indictments. To the extent Petitioner requests the Court to force Respondent to dispose of the detainer, such relief is not attainable through § 2241. To the extent Petitioner is seeking a speedy trial on the Greene County charges, he has not exhausted available Mississippi state court remedies. Petitioner's Motion to Transfer should be denied, and Respondent's Motion to Dismiss should be granted.

## I. BACKGROUND

Petitioner is in the custody of the Federal Bureau of Prisons and incarcerated

at FCI-Hazelton. Petitioner is serving a ten-year sentence for using or carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. 924(c).

FCI-Hazelton has received a detainer from the Sheriff's Office of Greene County, Mississippi, requesting that Greene County be notified when release of Petitioner is imminent because Petitioner is wanted to face pending criminal charges in Greene County. A grand jury impaneled in Greene County indicted Plaintiff on August 16, 2006, for grand larceny and burglary. (ECF No. 10-2, at 1-2). Petitioner was served with the indictments but did not appear as directed, and the cases were continued. *Id.* at 3-4. An indictment for each charge remains pending in the Circuit Court of Greene County.

In this action, Petitioner challenges the detainer from Greene County. According to Petitioner, the detainer affects his security classification and prevents his access to certain educational, substance abuse, and re-entry programs. (ECF No. 3, at 2; ECF No. 15-1, at 3-4). Petitioner claims that his right to a speedy trial has been violated with respect to the Greene County charges and requests the Court to "issue an order requiring the Respondent to bring Buhring before the Court to dispose of the detainer that has been lodged against him." (ECF No. 3, at 1). Petitioner partially relies on the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2. (ECF No. 3, at 3-4).

## II. DISCUSSION

Mississippi is not a party to the Interstate Agreement on Detainers; therefore, it is inapplicable to this case. *Robinson v. United States,* 580 F.2d 783,

2

784 (5th Cir. 1978); *Gomez v. Falk,* No. 1:14-cv-193-HSO-RHW, 2014 WL 1908503, *1 (S.D. Miss. May 13, 2014); *Smothers v. State,* 741 So. 2d 205, 206 (Miss. 1999). This leaves Petitioner's speedy trial claim for resolution.

Petitioner filed his Petition in this Court but now alleges that the Southern District of Mississippi lacks jurisdiction. Petitioner has filed a Motion to Transfer this case to the United States District Court for the Northern District of West Virginia, where he is in custody. (ECF No. 13).

The Southern District of Mississippi and the Northern District of West Virginia have concurrent jurisdiction over the Petition. *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 495 (1973) (reaching conclusion that prisoner in custody in another state could attack interstate detainer in district court located within the state issuing the detainer); *Wadsworth v. Johnson,* 235 F.3d 959, 961-62 (5th Cir. 2000)(finding prisoner could attack interstate detainer in district court located within the state issuing the detainer, even though prisoner was confined in another state). Because Greene County issued the detainer, the more proper forum is this District where Greene County is located. *See Michel v. Tanner,* No. 1:14-cv-339-LG-RHW, 2015 WL 2169849, *2 (S.D. Miss. May 8, 2015); *Noil v. State of La. Div. of Probation and Parole,* No. 1:07-cv-577, 2008 WL 686209, *1 (E.D. Tex. Mar. 7, 2008); *Bloomgarden v. Miles,* No. 1:05-cv-324, 2006 WL 31445, *2 (Feb. 7, 2006). As such, Petitioner's Motion to Transfer should be denied. (ECF No. 13).

A pretrial prisoner's suit challenging his incarceration is properly brought

pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff,* 488 F.2d 218, 222 (5th Cir. 1973) (citations omitted).

Absent "special circumstances," federal habeas corpus is not available to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden,* 410 U.S. at 488-89. Pretrial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson,* 816 F.2d at 224. If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a trial. *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). An attempt to dismiss an indictment or otherwise prevent a prosecution is "normally not attainable through federal habeas corpus." *Id.*

To the extent Petitioner is requesting the Court to force Respondent to dispose of the detainer, this is an attempt to prevent the prosecution of the criminal charges in the Circuit Court of Greene County. Such relief is not attainable through § 2241. *Brown,* 530 F.2d at 1283; *Dickerson,* 816 F.2d at 224.

To the extent Petitioner is requesting a speedy trial in the Circuit Court of Greene County, he has not exhausted available Mississippi state court remedies. In order to be eligible for pretrial habeas relief pursuant to § 2241, a petitioner must be "in custody" and must have exhausted available state remedies. *Braden,* 410 U.S. at 488-89. "[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson,* 816 F.2d at 225-26.

Petitioner meets the "in custody" requirement but has not exhausted available state remedies. The State of Mississippi provides remedies for a criminal defendant to assert that his constitutional right to a speedy trial is being violated. *See, e.g., Reed v. State,* 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009) (finding criminal defendant may assert a demand for a speedy trial in the trial court and then is required to obtain a pretrial ruling on that motion). Petitioner has submitted an exhibit, indicating that he filed a motion for speedy trial in the Circuit Court of Greene County in September 2015. (ECF No. 15-1).[1] Petitioner has not provided a copy of any order by the Circuit Court of Greene County denying Petitioner's speedy trial request. Petitioner's motion for speedy trial will be ruled upon by the Circuit Court of Greene County, and if Petitioner is dissatisfied with that ruling, he must then exhaust his state court remedies before requesting relief from a federal court.

---

[1]The motion submitted by Petitioner is not stamped "filed" by the Circuit Court of Greene County.

*See Dickerson,* 816 F.2d at 225; *see also Michel,* 2015 WL 2169849 at *2; *Durham v. Byrd,* No. 1:08-cv-345-HSO-JMR, 2009 WL 367285, *4 (S.D. Miss. Feb. 10, 2009).

## III. RECOMMENDATION

Petitioner's Motion to Transfer should be denied, and Respondent's Motion to Dismiss should be granted. To the extent Petitioner requests the Court to order Respondent to dispose of the detainer, the Petition should be dismissed for failure to state a claim upon which 28 U.S.C. § 2241 relief may be granted. To the extent Petitioner is requesting a speedy trial in the Circuit Court of Greene County, his claim should be dismissed for failure to exhaust available Mississippi state court remedies.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be

6

barred except upon grounds of plain error, from attacking on appeal any proposed

factual findings or legal conclusions adopted by the Court to which he did not object.

*Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

   **SIGNED**, this the 30th day of June, 2016.

                    *s/ John C. Gargiulo*
                    JOHN C. GARGIULO
                    UNITED STATES MAGISTRATE JUDGE